The first one is Matthews v. Douglas County School District No. 21-1086. Counsel, you may proceed. Good morning. I apologize. May it please the court. This case turns on whether the IDEA, including subsections of 20 U.S.C. 1415, must be read together or its subsections each stand alone as the district urges. Under Winkleman, Rowley, NJUF, and Carroll, which are cited in the briefs, the elaborate and highly specific procedural safeguards in the IDEA's mandatory administrative framework must be read together. Winkleman goes into detail about the parents' rights to bring their own claims and not just their students' claims, but it goes deep into how the provisions of the IDEA must be read together. It cannot be read separately. The district urges that two subsections of Section 1415 be read separately so that the 15-day resolution period time will be read separately from the 10-day curing time for written notice. Under subsection C1, the district, when it makes a decision on whether or not to provide services or do the job that it does to try to determine whether to give those services, it must give prior written notice. And typically that's a portion of the IUP, and in the record there's a draft IUP that has a section that is a prior written notice for an earlier IUP, not the part where Matthews asked for an IUP for autism. However, the district never provided that prior written notice, and instead the parents filed a due process complaint, and then the subsection C2 says that when that happens and there's been no prior written notice, the district must provide written notice, and it's the same content that they're supposed to provide, and that's within 10 days. Meanwhile, the timeline for the resolution session is running, and that's a 15-day timeline, although it's a 30-day resolution period, as the appellee's brief points out. So the parents' position was based on a Ninth Circuit case, and there's also several D.C. Circuit cases or cases from the district court there that have said that this written notice in the due process section of the statute is the notice in due process formulation, notice and opportunity to be heard. What activates the requirement for a prior written notice? In section 1415B, it states, I think it's B3, it states that the district, if it refuses or decides to initiate a change in the IEP, then they must provide that written, the prior written notice. Did that happen here? Because I thought the district just wanted a chance to evaluate JU for autism itself. In other words, it never said we will or we won't. The district never did evaluate JU. That's not my question. My question is whether or not the district ever initiated a change, or refused to initiate or change the identification and evaluation educational placement of the child. Never did, right? It was just this question that was hovering whether or not you would qualify for a change in his IEP based on autism, but the parents didn't make the child available to the district to evaluate itself. Therefore, the district never got to this point of refusing or agreeing. The parents requested that the district evaluate JU for autism, and the district did not. There was a state put IEP from Matthews 1, but even under a state put IEP, when there's a new diagnosis, the district has a duty to do the investigation. The parents can't stop the district from doing that evaluation. The district didn't do it, and the parents complained to the district, and then went to the state and said, with the due process complaint, but the facts that you point to, Judge Phillips, were never adjudicated, because the case was dismissed on an administrative or on the procedural section. That analysis was never done, but the facts show that the parents' position is that they asked for the IEP to be changed and for the evaluation of the autism, and that the district never did so. Well, you just mentioned that the case was resolved on this procedural point about failure to participate in the resolution meeting, and could you explain how your argument about an inadequate response to the due process complaint is tied to that meeting? I can see where it might be tied to the due process hearing itself before the ALJ, but why does it make any difference under the governing regulations that the district provided an adequate response? Sure. And I'd point to the Clay, the Jallow, the Massey, and the MCV Antelope cases, which are all persuasive precedent that address this. Don't they talk about a due process hearing? This wasn't a due process hearing. This was a resolution meeting. It precedes the hearing. And the Antelope case, that's what it talks about is the hearing, not the resolution meeting. So to have the resolution hearing and have the parents be able to fully participate in it, they have to understand what the district's decision was and how the district made that decision. But what authority do you have for that? I'm sorry? I understand your argument that it might be better for purposes of the meeting to know more, but where does the law require the district to provide a certain type of response simply for the sake of this meeting? Well, the 10-day period runs before the end of the 30-day resolution session period, and the district never complied with that. Where does the law say that they need to respond before the parents can be expected to come to the meeting? What's your authority? Well, the statute doesn't say that. That's my point. Where does the statute say that, or any regulation? But this goes along with, if you read the Winkleman case, the U.S. Supreme Court explained how all of the provisions of the IDEA and the regulatory sections that implement it have to be read together, and that subsection A of 1415 requires the district to establish and maintain procedures to ensure that children with disabilities and their parents are guaranteed the procedural safeguards of the IDEA. So you're relying on Winkleman, but not any specific provision of the statute? There is no specific provision in the statute. Could I ask you on the mootness issue, where did the Matthews seek retrospective relief in their administrative due process complaint or in their federal district court amended complaint? The parents proceeding pro se asked the district court to allow them to amend the complaint. I'm going to get to that, but I'm just talking about the due process complaint and the applicable district court complaint. Is there any request for retrospective relief in those documents? No. In the administrative complaint, they said something that the answer brief pointed out with the word future in it, and I don't have the wording in my head at the moment. But they did say that they didn't want the order to preclude them proceeding under the IDEA or Section 504. They didn't mention 1983 there. But they did not include it in their district court complaint or amended complaint, and they asked the district court for permission. Did the Matthews file a motion to amend their complaint? They did not file a motion to amend their complaint. Well, wouldn't you expect to see that in those documents, that kind of request for past relief? You said in those documents, you mean in the administrative complaint? Exactly so. Yes, but the parents proceeding pro se didn't include that, and they had not moved yet and their son had not graduated yet. When they filed the complaint, the amended complaint, it was after that that they said, okay, we can no longer get prospective relief under the IDEA, but we still can get relief under the ADA, Section 504, Section 1983. So is it your position that had they been counseled at that time, they'd be out of luck today, but because they were pro se, we should read broadly? Well, I believe if they had been counseled at that point, they would have filed a motion to amend. But I understand your question. If they had filed what they filed, which was a status report in which they said to the court, we'd like to amend the complaint, and that was all, then yes, I think that that wouldn't be construed liberally for sure. That would be the court saying, you know, you didn't file a motion to amend. What's your best argument against this court dismissing this case on witness grounds? That the parents have a 1983 claim and have these compensatory relief claims that they could bring if they were allowed to amend their complaint. They asked the court if they could amend their complaint and asked the court to let them know how to do so. And construed liberally, that was a request to amend the complaint to add those claims. And so then, because they would have compensatory claims, the case would not be moot under this court's precedent. I'd like to save the rest of my time, if I could, for rebuttal. Thank you, counsel. Good morning, and may it please the court. My name is Wendy Jacobs, and I am the attorney for the Douglas County School District, the appellee in this case. This is actually a very simple case. There has been a long procedural history involving different district court matters, different administrative hearings, but for purposes of this appeal, the bottom line is that the parents refused to participate in a very simple, informal resolution meeting, and as a result, under the plain language of the statute, their case was dismissed. There has been an argument that the failure to provide a sufficient answer justified this refusal. At the outset, we would certainly disagree that there was a refusal to answer, but more fundamentally, there is absolutely no requirement in the statute that an answer precede the resolution meeting. When you say answer, are we mixing up two things, the prior written notice as well as the answer to the due process complaint, the response? Well, the way the statute is set out, when you file a complaint, you have two options as a respondent when you answer. You can either just respond to the allegations in the complaint, or the statute says if there has been no prior written notice previously provided, then you could provide a prior written notice. But either way, it essentially functions as an answer to the complaint. Was the district required in this case to provide a prior written notice? Your Honor, I don't believe that they were. Have you argued that in your briefs, or is that a new position today? Well, the answering position, the question of whether or not the answer is sufficient is not germane to the question of whether or not the parents refused to participate in the resolution session and had their case dismissed as a result. Certainly, we would argue, and we did argue in the briefs, that the answer was filed and the ALJ, there was a motion to compel that the parents raised on the question of the sufficiency of the answer, and the ALJ ruled that because the answer met every single claim and answered every single claim that had been raised in the complaint, that it sufficiently established the district's position and bound the district's position. But, as I said, more fundamentally, there was no requirement to have an answer in place prior to participation in the resolution session. The timelines do run concurrently, but the way they run, it is entirely conceivable, and actually happens quite often, that a resolution session could be held within the first 10 days before an answer would even be due. Now, when you say answer, you're talking about what was provided on August 17th. Correct, either a prior written notice or a pleading that serves as an answer. And then another 30 days elapsed before the case was dismissed. The case, correct. Well, the case was dismissed on September 29th of 2017. The motion to dismiss based upon the failure to participate in the resolution session had been filed, I believe, on September 11th or 12th, something like that. That was the day they moved to dismiss. Correct, that's the day that the district moved to dismiss. The suggestion that an answer is necessary in order to participate in the resolution session is belied by a couple of things. As Judge Matheson pointed out, there is simply no requirement in the statute that one precede the other. And certainly statutory provisions are to be interpreted harmoniously, but in this situation, there is nothing about the parent's ability to be meaningfully heard or to participate in a hearing that relates to how they conduct the resolution meeting. The resolution meeting is not a part of the hearing. It is simply a requirement that the parties sit down and attempt to resolve their differences informally, similar to the way this court and many other court requires the litigants to engage in mediation before proceeding to have the case heard. So the resolution meeting is not part of the opportunity to be heard. It's just a way to see if the parties can avoid the time, expense, heartache of litigation. And if they can't, then they proceed to the hearing. That's when they have the meaningful opportunity to be heard. But the resolution itself doesn't implicate that in the slightest. And the notion that the parents required the district to provide an answer and thereby establish its position so that the parents knew what the faith denial was, where the denial was of the free appropriate public education, is belied by the description in the statute and in the regulations of what the resolution meeting is. It's actually not the district's position. They're not in a position at the resolution meeting to provide notice to the parents. The way the statute is set out, it is the parents that are to provide information to the district about the nature of their claim and what they believe would resolve the claim so that the district then has the opportunity to resolve the case, perhaps meet the parents' needs if they believe it is appropriate. And that's how the regulation styles it. It says school district's opportunity. Yes. The regulation says during the resolution session, it is for the parents to explain, and I'm paraphrasing, to explain their complaint and what the nature of their disagreement with the district is so that the district can then have the opportunity to resolve the case if it's resolvable.  Could you address the mootness issue, which is a threshold issue for us? Yes. The mootness issue, there are a couple of different bases for mootness. The first was the fact that there was no request for retroactive relief in either the due process hearing or in the first amended complaint that was submitted by the parents at the district court level. And given that the student graduated from high school and then aged out of IDEA, you no longer are entitled to services under the special education law once you achieve the age of 22. Today is actually the student's 23rd birthday. So he graduated about five years ago. He did not graduate from the Douglas County School District, so I don't know the exact date that he graduated. But he has received the education that the state of Colorado deems to be sufficient to receive a high school diploma. He is no longer entitled to prospective services. And as a result, by only seeking prospective relief in both the due process hearing and the district court filing, there is no longer any entitlement to prospective services. Mr. Boyle argued a few minutes ago that the Matthews had requested in their status report leave to amend their complaint for retrospective relief. And the district court didn't address that request, as I understand it. Could you speak to that? Certainly. First, Mr. Boyle referenced the leeway that should be granted to pro se parents and that raising the issue in a status report should be sufficient to put the court on notice that essentially they wanted to file a second amended complaint. The district would submit that certainly pro se parents should be given a little bit of leeway in terms of the way they do their filings, the way they make their arguments. But in this particular case, if you look at the pleadings throughout the record, including Matthews 1 and Matthews 2, these are not unsophisticated parents. Their filings demonstrate a fairly significant understanding of procedure. Their motions have excellent citations to court cases. They're familiar with court procedure. So the district would dispute the contention that these parents didn't know what they were doing. Let me just ask you, I'm looking at the status report. What if you just crossed off status report and instead it said motion to amend? And right in the first paragraph it says, plaintiffs request permission of this court to amend their complaint to conform with the only remedies now available. I think we have to assume the district court read the filing. Wasn't it error for the district court not to address that request? Personally, I don't believe so, Your Honor. At that point, by the time the status report was filed, the district court had already dispensed with the substantive issues that the parents have raised in their complaint. And if they were to, let's assume for the sake of argument, that the district court should have allowed them to file another amended complaint. The problem with the issues that they have- Well, I'm not quite there yet. I'm back on whether the courts have done something. I mean, we just don't have any response from the court on this. That's very true. And if the court had read that as a true motion to amend the complaint, the district court could have ruled on that. Well, okay. Now we're another step down. So let me just ask you this. Let's say the court had addressed this and had denied the request to amend. Would that have been an abuse of discretion? Your Honor, no. Because if you look at the relief that the plaintiffs were seeking to add or the claims that they were seeking to add in a new amended complaint, all of those claims were IDEA claims, essentially. The characterization has been that they are somehow outside of the IDEA because they were raised under the ADA or Section 504 of the Rehabilitation Act. But the claims themselves would be subject to the exhaustion requirement because courts have held that if you bring ADA or Section 504 claims based upon denials or violations of the IDEA, you still have to exhaust administrative remedies. And if you look at the description of the issues that they wanted to raise, they were exclusion from school, which is the way that the parents have been characterizing what they claim is being forced to seek private services or move out of the district because the school district did not provide a free appropriate public education, or retroactive relief based upon the denial to provide or the failure to provide the special education services. Let me just flip the question. Would it have been an abuse of discretion for the district court to grant a leave to amend it? I don't think it would have been an abuse of discretion. So why shouldn't we send this back to have the district court address the request to amend the complaint? Because even if the parents had been allowed to amend their complaint, the claims that they were raising were still subject to the exhaustion requirement. They were still subject to the requirement that the parents participate in a resolution session, and they absolutely refused to do so, notwithstanding the considerable efforts of the district to attempt to bring them to the table. Okay, now we've kind of gone full circle, so where are we on the mootness? So on the mootness question, if we're bound to the pleadings as they were filed, there would be a requirement to exhaust administrative remedies on anything. I'm sorry, there would be no entitlement to future relief because of the age of the student and because he had graduated from high school. Another argument that the district has raised is that because what the plaintiffs or what the parents were complaining about was a failure to comply with an interim injunctive order in another case, and that case has been concluded such that that interim order is no longer in place, there's no argument to be made and there's no relief to be had with respect to a stay-put violation, assuming it had occurred. Okay, I want to clarify that because I know you made that argument and the graduation argument. Are those separate and independent arguments? Yes. You don't need both of them? No. Okay. You don't need both. But again, let's assume that the parents should have been allowed to amend or that they should have been allowed to bring stay-put violations before a new administrative law judge. Those all would still be subject to the exhaustion requirement and the parents refused to exhaust their administrative remedies because they refused to participate in the resolution meeting. Counsel, can I stop you there? But can we do that? Can we assume this isn't moot? Is that something proper for us as a court to do? No. Do we have to resolve? No, Your Honor. I mean, certainly mootness is a threshold issue. So if the case is moot, there's nothing else to be done. There's no jurisdiction, there's no Article III case or controversy, and therefore the case should be dismissed. When I was talking about assuming for the sake of argument, we could have all of those issues set aside and we're still with a situation where the court lacks subject matter jurisdiction because of the failure to exhaust administrative remedies, which is also a jurisdictional question. I see my time is up. Thank you very much. Thank you, counsel. Mr. Boyle, you have some rebuttal time. First, the district did respond, and they filed a status report which somehow appears in the record before the parent's status report, but it mentions having received the parent's status report, and they addressed the request to amend, and that's at Appellants App 296-297, and they cite a case talking about the failure to exhaust administrative remedies. This gets to Justice Ide's question at the end of the district's argument. Really, it's not a cart before the horse question here because part of the mootness question turns on whether the parents exhausted their administrative remedies, and that's the other portion of the case besides the mootness question. So both kind of turn on each other, unless the court finds that it wasn't a sufficient request to amend the complaint, then the court could reach mootness without reaching the other question. Do you agree, though, that the exhaustion question could potentially be relevant to the amendment question, the motion to amend or the request to amend? Yeah, if I understand the question correctly, the two are related because if the parents were right about needing a prior written notice or a written notice before going to the resolution session, then they exhausted their administrative remedies, or they were unable to because they couldn't get that from the district, and so there was no way to exhaust their administrative remedies. They could proceed to a due process hearing then, which is what they asked to do, and they were not allowed to because they didn't attend the resolution session. But had they been allowed to have the due process hearing, then their administrative remedies would have been exhausted, and then it turns back to the mootness question, which turns on whether they asked to amend the complaint properly, and that also goes back to the other question. Are there any further questions for counsel? I think your time is up. Thank you for your argument. Thank you for your argument. The case will be submitted, and counsel are excused.